IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Yaschika Wise, | ) | C/A No. 3:10-859-MJP-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| NCR Corporation, | ) | |
| Defendant. | ) | |

The plaintiff, Roselyn Yaschika Wise ("Wise"), who is self-represented, filed this employment discrimination action against her former employer, NCR Corporation ("NCR"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on NCR's motion to dismiss to compel arbitration. (ECF No. 18.)

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Wise of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 21.) Wise filed a response opposing the defendant's motion. (ECF No. 29.) Having carefully considered the parties' submissions and the applicable law, the court concludes that NCR's motion must be granted.

## BACKGROUND

In 2004, as a term and condition of her employment, Wise entered with NCR into an arbitration agreement providing in pertinent part:

> This agreement to arbitrate includes every possible claim (other than workers compensation claims or claims for benefits covered by the Employee Retirement Income Security Act) arising out of or relating in any way to my employment. This includes but is not limited to all claims for any form of illegal discrimination under

state or federal law, improper or unfair treatment or dismissal, and all tort claims. I
understand that while I still have a right to file a discrimination charge with a state
or federal agency, I will submit the final resolution of any discrimination claim to an
arbitrator instead of a court or jury.

(Def.'s Mem. Supp. Mot. Dismiss Ex. A, ECF No. 18-2 at 2.) Wise worked for NCR until her termination in May 2008. Wise then pursued an administrative charge with the South Carolina Human Affairs Commission ("SHAC") and the United States Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination. After receiving her "right-to-sue letter,"[1] Wise commenced this lawsuit.

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The policy behind the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). Thus, courts are to afford a "healthy regard" for the federal policy favoring arbitration, id. at 26, and arbitration agreements are to be "rigorously enforced," Perry v. Thomas, 482 U.S. 483, 490 (1987). Doubts regarding the scope of issues covered by an arbitration agreement must be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The United States Supreme Court has specifically held that the FAA and the

---

[1]"[R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995).



policies behind it apply in the employment context. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001).

When a question of arbitrability arises, the district court, not the arbitrator, decides whether a matter should be resolved through arbitration. See Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S.Ct 2847, 2859 (2010); AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 651 (1986). This determination, however, is limited to a two-step inquiry: (1) whether a valid arbitration agreement exists; and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement. See Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999). Arbitration is compelled "unless it may be said with positive assurance" that the arbitration agreement "is not susceptible of an interpretation that covers the asserted dispute." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989). If all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is appropriate. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

Here, Wise does not dispute that an arbitration agreement exists or that her employment dispute with NCR is subject to it; rather, she argues that she should not have to abide by the arbitration agreement because NCR had ample opportunity to resolve the matter through the administrative process at the EEOC and failed to do so. She further appears to contend that because she received a right-to-sue letter from the EEOC, she may pursue her claim in federal court. These arguments are unavailing for several reasons. Most significantly, the arbitration agreement expressly provides: "I understand that while I still have a right to file a discrimination charge with a state or federal agency, I will submit the final resolution of any discrimination claim to an arbitrator *instead of a court or jury.*" (ECF No. 18-2 at 2.) (emphasis added). Thus, regardless of NCR's opportunity

*PJG*

to resolve the matter at the EEOC, and regardless of whether the law otherwise provides Wise with the opportunity to file a suit in district court, she has expressly waived her right to pursue her claim in this forum and agreed instead to submit the matter to arbitration for final resolution. Under controlling law, the court is compelled to enforce that agreement.

### RECOMMENDATION

Wise entered into an arbitration agreement with NCR that governs the instant dispute. Accordingly, the court recommends that NCR's motion be granted and that the Complaint be dismissed without prejudice so that Wise may pursue her claims in arbitration.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).